**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD EGAN and JOANNE EGAN, | |
| Plaintiffs, | **OPINION** |
| v. | Civ. No. 09-4878 (WHW) |
| ALCO-LITE INDUSTRIES and ALUMINUM LADDER COMPANY, | |
| Defendants/ Third-Party Plaintiffs, | |
| v. | |
| ABX AIR, INC., | |
| Third-Party Defendant. | |

**Walls, Senior District Judge**

Third-party defendant ABX Air, Inc. ("ABX") moves to dismiss defendants Aluminum

Ladder Company ("ALC") and Alco-Lite Industries, LLC's ("Alco-Lite") third-party complaint

or, alternatively, to bifurcate or sever the actions.  Pursuant to Rule 78 of the Federal Rules of

Civil Procedure, the Court decides ABX's motion without oral argument.  ABX's motion to

dismiss is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Ronald Egan worked for ABX.  While on duty on August 25, 2007, he was

using a ladder purportedly designed and manufactured by defendants Alco-Lite and ALC

**NOT FOR PUBLICATION**

("defendants").  The ladder suddenly and unexpectedly broke and Mr. Egan fell.  Mr. Egan

alleges that as a result of this fall, he has suffered severe physical and emotional pain.

The same day as the fall, Egan put an "out-of-service" sign on the ladder.  He also moved

the ladder from the tarmac at Newark Liberty International Airport to ABX's offices at the

airport.  The next day, Mr. Egan brought a workers' compensation claim against ABX.  ABX

investigated the matter "in order to assess the potential for third-party subrogation claims."  (Def.

Br., at 3.)  One day later, Egan took pictures of the ladder.  The photos were uploaded to ABX's

computer system so that they could later be provided to Mr. Egan's counsel.  Although aware of

the possibility of litigation, ABX later disposed of the ladder.  All that remains is a small piece of

the foot/side rail.

On September 23, 2009, Egan and his wife brought suit against Alco-Lite and ALC

alleging negligence, strict products liability and a claim for loss of consortium.  On July 28,

2010, defendants filed a third-party complaint against ABX asserting claims for fraudulent

concealment and negligence for spoliation of evidence concerning the destruction of the ladder.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court is

required to "accept all factual allegations as true, construe the complaint in the light most

favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint,

the plaintiff may be entitled to relief."  Broadcom Corp. v. Qualcomm Inc., 501 F.3d 297, 306

(3d Cir. 2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of

NOT FOR PUBLICATION

facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 546.  Thus, "a

district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail

but whether the claimant is entitled to offer evidence to support the claims.'" Twombly, 550

U.S. at 563 n.8 (citation omitted).

There is, however, a heightened pleading standard under Rule 9(b) for fraud claims.

"[T]he requirements of rule 9(b) may be satisfied if the complaint describes the circumstances of

the alleged fraud with precise allegations of date, time, or place *or* by using some means of

injecting precision and some measure of substantiation into their allegations of fraud." Bd. of

Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc., 296 F.3d 164, 173 (3d Cir. 2002)

(emphasis in the original).   To satisfy this heightened pleading standard, "[p]laintiffs must plead

with particularity the circumstances of the alleged fraud in order to place the defendants on

notice of the precise misconduct with which they are charged." Knox v. Samsung Elecs., No.

08-4308, 2009 WL 1810728, at *5 (D.N.J. June 25, 2009).

## DISCUSSION

**Fraudulent Concealment**

To prove fraudulent concealment of evidence the complaining party must establish:

1) That defendant in the fraudulent concealment action had a legal obligation to disclose evidence in connection with an existing or pending litigation; (2) That the evidence was material to the litigation; (3) That plaintiff could not reasonably have obtained access to the evidence from another source; (4) That defendant intentionally withheld, altered or destroyed the evidence with purpose to disrupt the litigation; (5) That plaintiff was damaged in the underlying action by having to rely on an evidential record that did not contain the evidence defendant concealed.

Rosenblit v. Zimmerman, 766 A.2d 749, 758 (N.J. 2001).

ABX claims that defendants have not pled, and cannot establish, the second or fourth

elements: that the destroyed evidence was material to the litigation, or that ABX intentionally

**NOT FOR PUBLICATION**

destroyed the ladder.  ABX also asserts that the defendants have failed to meet the heightened

pleading standards provided for fraud claims in Rule 9 of the Federal Rules of Civil Procedure.

ABX argues that because defendants allege in their third-party complaint that the small

piece of the ladder that broke off still exists, defendants have failed to plead with particularity

how the rest of the ladder would be material to its case.  This contention is legally absurd.  The

Egans have brought suit alleging negligence and strict products liability.  The entirety of the

allegedly defective ladder would be an important piece of evidence in such a suit and defendants

adequately plead as much.  ("The Ladder was discarded/destroyed before ALC had the

opportunity to have any expert inspect, grossly inspect and microscopically examine the Ladder

to evaluate its condition prior to and at the time of Egan's accident. . . .  it is undeniable that the

Ladder is material and essential to the litigation. . . .  ALC has been harmed in defending the

underlying action to its great detriment and prejudice by not having necessary, critical and

essential evidence."  Third-party Compl. ¶ 23-24, 26.)

ABX also claims that defendants have not pled adequate facts to establish the fourth

prong.  Defendants maintain that their third-party complaint contains factual allegations that

establish that ABX intentionally destroyed the evidence for the purpose of disrupting the

litigation.  Defendants claim that they have met Rule 9(b)'s pleading standard with regard to this

prong because they "plead, with great detail … what followed thereafter with regard to

destruction of the ladder by ABX."  (Def. Br., at 13.)  While defendants insert a 16 paragraph

quotation from their third-party complaint, they essentially argue that intent to disrupt the

litigation is shown because ABX was aware that Egan would bring suit and ABX has sought

subrogation.  At no point, however, do defendants plead anything concerning the destruction of

the ladder more specific than "shortly after the incident, ABX destroyed the ladder."  (Third-

4

**NOT FOR PUBLICATION**

party compl. ¶ 22.)  Defendants have not pleaded with particularity under what circumstances the ladder was destroyed.    The ladder could have been disposed of in the ordinary course of business, accidentally, or intentionally to disrupt this litigation.  The defendants have not pleaded anything to establish how or why the ladder was discarded.  Because the defendants have not "stated[d] the circumstances of the alleged fraud with sufficient particularity," their fraudulent concealment claim is dismissed without prejudice at this time with leave to amend if desired. DiMare v. MetLife Ins. Co., 369 F. App'x 324, 329 (3d Cir. 2010).

**Negligence**

ABX claims that defendants have failed to state a claim for negligence.   "In order to sustain a common law cause of action in negligence, a plaintiff must prove four core elements: (1) [a] duty of care, (2) [a] breach of [that] duty, (3) proximate cause, and (4) actual damages." Polzo v. Cnty. of Essex, 960 A.2d 375, 384 (N.J. 2008) (citing Weinberg v. Dinger, 524 A.2d 366 (N.J. 1987) (alteration in the original).

ABX claims that defendants have not pleaded, and cannot plead, that ABX owed them a duty to preserve the ladder.  Both parties agree that New Jersey's Appellate Division has held that a duty to preserve evidence may be created in four circumstances:

> (1) the third party has knowledge of a potential lawsuit and accepts responsibility for preserving the evidence; (2) the third party voluntarily undertakes to preserve the evidence and a plaintiff reasonably and detrimentally relies thereon; (3) the third party agrees with plaintiff to preserve the evidence; or (4) plaintiff makes a specific request to the third party to preserve a particular item.

Swick v. The New York Times Co., 815 A.2d 508, 512 (N.J. Super. App. Div. 2003) (citing Gilleski v. Cmty. Med. Ctr., 765 A.2d 1103 (N.J. Super. App. Div. 2001)).  The first three duties result from a knowing agreement to preserve evidence and ABX asserts that it never agreed to preserve the ladder and the third-party complaint does not allege that it did.   As to the last set of

**NOT FOR PUBLICATION**

circumstances that could create a duty to preserve evidence, a specific request from a third-party,

ABX claims that defendants have not pleaded that they made any such request before the

ladder's destruction.

Defendants contend that ABX "voluntarily undertook to 'preserve' the ladder by

requiring Mr. Egan mark the ladder 'out-of-service' and advising Mr. Egan to move the ladder

inside the facility at NLI for storage." (Def. Br., at 15.)  As ABX notes, however, defendants did

not plead that ABX voluntarily decided to *preserve* the ladder.  Instead, the third-party complaint

merely alleges that Egan labelled the ladder and moved it off the tarmac on ABX's behalf.

Defendants cite three cases to further their argument that ABX assumed the duty to

preserve the ladder.  First, they rely on Hirsh v. Gen. Motors Corp., for the proposition that a

duty to preserve evidence is created where a third-party has knowledge of existing or pending

litigation.  628 A.2d 1108 (N.J. Super Law Div. 1993).  This holding is not applicable here

because, in a seminal case decided after Hirsh, the Appellate Division held that "[a] third party's

constructive notice of a pending or potential action is not sufficient to force upon the third party

the duty to preserve evidence."  Gilleski v. Cmty. Med. Ctr., 765 A.2d 1103, 1107 (N.J. Super.

App. Div. 2001); see also Ciapinski v. Crown Equip. Corp., 2010 WL 183903, at *13 (N.J.

Super. App. Div. Jan. 21, 2010).  Without more, mere knowledge of litigation does not create a

duty to preserve evidence.

Defendants next seek to rely upon Callahan v. Stanley Works, 703 A.2d 1014 (N.J. Super

Law Div. 1997).  In Callahan, a Home Depot employee was injured when a pallet fell off of a

forklift and struck him.  Id. at 1016.  Home Depot then took steps to preserve the pallet.  Id.  It

put an evidence tag on the pallet and stored it.  Id.  Home Depot later lost the pallet and Callahan

brought suit for negligent spoliation of evidence.  The court found that "a jury could conclude

**NOT FOR PUBLICATION**

that Home Depot gratuitously undertook a duty to preserve the subject pallet and failed to

perform that duty.  Immediately after the accident, Home Depot took steps to safeguard the

subject pallet.  Home Depot also imposed a lien on any damages Callahan might recover." Id. at

1018.

While defendants allege that ABX took steps to protect its right to subrogation, they have

not pleaded the sort of affirmative steps towards preservation exhibited in Callahan.  There,

Home Depot tagged the ladder as evidence shortly after the accident and intentionally stored it.

Thus, the party in question affirmatively deemed the item evidence and took steps to maintain

and protect it.  In contrast, defendants do not plead that ABX performed either task.  At most,

defendants allege that Egan moved the ladder and identified it as "out-of-service."  While the

third-party complaint alleges that "during the course of his employment, and on behalf of ABX .

. . Egan marked the Ladder he had been using [and] . . . moved the ladder  . . . into the ABX

office," (Third-party Compl. ¶¶ 11-12,) there is no indication that ABX intended to keep the

ladder.  That an ABX employee moved and labelled a broken ladder is insufficient to establish a

duty to preserve that ladder.

Last, defendant cites another case decided before Gilleski, Allis-Chalmers Corp. Prod.

Liab. Trust. v. Liberty Mut. Ins. Co., as saying that "it is arguable that the remedies presently

available to those prejudiced by the loss or destruction of evidence are not adequate, and that a

cause of action for negligent spoliation is desirable."  556 A.2d 1336, 1340 (N.J. Super. App.

Div. 1997).  This statement is unremarkable and irrelevant here because New Jersey does not

recognize any tort for negligent spoliation and this Court will not create one. Tartaglia v. UBS

PaineWebber Inc., 961 A.2d 1167, 191 n.6 (N.J. 2008).  Furthermore, the court in Allis-

Chalmers found no duty to preserve evidence because "there was no agreement, contract, or

**NOT FOR PUBLICATION**

special circumstances as would justify placing the burden of acquiring and preserving the

[evidence] on Liberty." Id.   This case does not support defendants' position.  Defendants have

also failed to establish that they detrimentally relied on ABX's alleged decision to preserve the

ladder; and because they were not aware of any potential lawsuit until after the ladder was

disposed of, any such reliance would be impossible.

Because defendants have not alleged that ABX agreed to preserve the ladder or that they

requested that ABX maintain the ladder prior to its destruction, defendants' negligence claim

will be dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons, it is on this 29th day of March, 2011:

**ORDERED** that third-party defendants Motion to Dismiss defendant's third-party

complaint is GRANTED, defendants may, within thirty days, amend their third-party complaint

to cure the pleading deficiencies,

**IT IS FURTHER ORDERED** that third-party defendants Motion to Bifurcate or Sever

is DENIED as moot.

**s/ William H. Walls**
United States Senior District Judge
